UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: FLORIE BACA and ABRAN A. BACA,   No. 13-10-10765 JA

Debtors.

## MEMORANDUM OPINION

This matter came before the Court on November 13, 2012 for a final hearing on the Chapter 13 Trustee's Notice of Final Cure Payment pursuant to Fed.R.Bankr.P. 3002.1(f) filed July 16, 2012 ("Notice of Final Cure Payment") and a response thereto ("Response") filed July 31, 2012 by Beneficial Financial I, Inc. as successor by merger to Beneficial New Mexico, Inc. ("Beneficial").[1] The Notice of Final Cure Payment reflected, in part, that the Debtors had completed all payments required to cure the pre-petition default due to Beneficial. *See* Docket No. 59. The Response reported that post-petition amounts remain due. *See* Docket entry on July 31, 2012. On December 4, 2012, the Debtors, Beneficial and the Chapter 13 Trustee filed a Stipulation of Facts ("Stipulation") stipulating that Beneficial's Proof of Claim No. 11-1 is secured by the Debtors' principal residence.[2] *See* Docket No. 75.

During oral argument the Chapter 13 Trustee raised concerns about the effect of Fed.R.Bankr.P. 3002.1 and whether the Debtors are precluded from receiving a discharge because they failed to make all of the regular post-petition mortgage payments due to

---

[1] By stipulation of the parties, the Court took judicial notice at the final hearing of all documents filed in the Debtors' bankruptcy case and all filed proofs of claim.

[2] Beneficial filed two proofs of claim in the Debtors' bankruptcy case: Claim No. 8-1 and Claim No. 11-1. The Stipulation stipulates that Claim No. 8-1 is secured by property other than the Debtors' principal residence. Rule 3002.1, Fed.R.Bankr.P. is, therefore, inapplicable to Claim 8-1. *See* Fed.R.Bankr.P. 3002.1(a)("This rule applies in a chapter 13 case to claims that are . . . secured by a security interest in the debtor's principal residence.").

Beneficial.[3] The Debtors acknowledge that they did not make all of the regular post-petition mortgage payments to Beneficial, but assert that they nevertheless are entitled to a discharge. The Debtors further assert that Beneficial is estopped from later claiming any post-petition arrearages under the Mortgage in excess of the amount of the arrearages specified in its Response. The Court will treat the Debtors' request to apply estoppel principles to Beneficial's Response as an oral motion.[4] Beneficial objected to the relief requested by that oral motion, arguing that it is not estopped. As part of the Court's determination of whether Beneficial should be estopped from asserting additional post-petition charges in excess of the amounts reflected in its Response, the Court will also determine whether Rule 3002.1 applies.

However, there is no pending motion before the Court requesting the entry of a discharge. Notice has not been given to creditors regarding the entry of a discharge, and no party in interest has objected to the Court granting the Debtors a discharge. Accordingly there is no controversy for the Court to decide regarding entry of a discharge. Any issue concerning the Debtors' eligibility for discharge implicated by the information contained in the Response to the Notice of Final Cure Payment that the Debtors have not made all direct payments required by the plan is, therefore, not ripe for determination. If the Court were to decide that issue at this time, it would be an improper advisory opinion. *See In re Mile Hi Metal Systems, Inc.,* 899 F.2d 887, 891 n.3 (10th Cir. 1990)("Federal Courts do not issue advisory opinions.")(citing *FCC v. Pacifica Found.,* 438 U.S. 726, 735, 98 S.Ct. 3026, 3033, 57 L.Ed.2d 1073 (1978)(remaining citation

---

[3]The same issue is arising in other chapter 13 cases pending in this District in which the debtors have made all payments to the Chapter 13 Trustee required by a confirmed chapter 13 plan but have not made all direct payments on a long term secured debt and such failure was made known to the Chapter 13 Trustee by a response filed pursuant to Fed.R.Bankr.P. 3002.1(g).

[4]It is appropriate for the Court to treat the Debtors' request for estoppel as an oral motion because the only affected party is Beneficial, and Beneficial argued at the final hearing that it should not be bound by its Response.

omitted)). *See also In re Brown,* 371 B.R. 505, 509 (Bankr.N.D.Okla. 2007)(refusing to issue an opinion that would be advisory in nature).

After consideration of the evidence and the arguments of counsel, and after careful review of the applicable Rule and relevant case law, the Court concludes that 1) Rule 3002.1 applies to Beneficial's claim secured by the Debtors' principal residence; and 2) Beneficial will be bound by the post-petition amount reported as due in its Response, unless it amends its Response.[5]

In connection with the Court's ruling, the Court FINDS:

1. The Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on February 22, 2010.

2. The Debtors filed a Chapter 13 plan on the same date. *See* Docket No. 4.

3. The Chapter 13 plan provides for payments of $1,164.00 per month to the Chapter 13 Trustee for a period of 56 months. *Id.*

4. Paragraph 4.4 of the Chapter 13 plan provides that claims will be treated in one of the following ways:

> (1) *Direct* – direct payment by the debtor under the terms of the original agreement between the debtor and the creditor;
> (2) *In full* – payment in full of the allowed secured claim by the chapter 13 trustee through the plan;
> (3) *Bifurcate* – payment of the value of the collateral by the chapter 13 trustee through the plan based on the outcome of a separate motion to value the collateral which the debtor shall file, with the balance of the claim to be treated as a non-priority unsecured claim;
> (4) *Surrender* – debtor will surrender the collateral; or
> (5) *Avoidance* – debtor shall file a separate motion to avoid lien.
> (6) *Other* – [as may be provided in section 10 or 12 of the plan]

Chapter 13 Plan, pp. 5 – 6 (Docket No. 4).

---

[5] The Court is not deciding whether Beneficial would be permitted to amend its Response outside the period for responding set forth in Fed.R.Bankr.P. 3002.1.

-3-

5. Paragraph 4.4.3 of the Chapter 13 plan provides that the "Trustee will pay the pre-petition arrearages set forth in an allowed proof of claim . . . " *Id.* at p. 6.

6. The Chapter 13 plan provides that the Debtors will make direct payments to Beneficial that become due post-petition under its mortgage secured by the Debtors' principal residence at the contract rate of interest in accordance with the terms of the mortgage. *Id.* at p. 5.

7. The Order Confirming Chapter 13 Plan was entered on May 5, 2010. *See* Docket No. 24.

8. Beneficial filed a proof of Claim on April 9, 2010 asserting a secured claim against the Debtors' principal residence. *See* Claim No. 11-1. Beneficial's Claim No. 11-1 included a claim for pre-petition arrearages in the amount of $5,583.28. *Id.*

9. The Chapter Trustee filed a Notice of Completed Plan on July 16, 2013 stating that the Debtors have "made all plan payments and [have] complied with all requirements as stated in the Chapter 13 Plan as confirmed and/or modified." *See* Docket No. 57.

10. The Debtors filed their Certification and Statements in Support of Entry of Chapter 13 Discharge. *See* Docket No. 65.

11. The Chapter 13 Trustee filed a Notice of Final Cure Payment pursuant to Fed.R.Bankr.P. 3002.1(f) on July 16, 2012. *See* Docket No. 59. The Notice of Final Cure Payment was served on Beneficial and the Debtors. *Id.*

12. The Notice of Final Cure Payment states that the amount required to cure the pre-petition default in Beneficial's Claim No. 11-1 has been paid in full. *Id.* The Notice of Final

-4-

Case 10-10765-j13    Doc 76    Filed 12/20/12    Entered 12/20/12 16:37:13 Page 4 of 11

Cure Payment also states that the monthly ongoing mortgage payment is paid directly by the Debtors. *Id.*[6]

13.     On July 20, 2012 the Chapter 13 Trustee withdrew her Notice of Completed Plan. *See* Docket No. 64.

14.     Beneficial filed its Response to the Notice of Final Cure Payment pursuant to Fed.R.Bankr.P. 3002.1(g) on July 31, 2012. *See* Docket Entry on July 31, 2012 relating to Claim 11-1.

15.     The Response states that Beneficial agrees that the amount required to cure the pre-petition default to be paid through the Chapter 13 Plan has been paid in full, but that Beneficial does not agree that the Debtors have paid all post-petition amounts due to Beneficial. In the Response, Beneficial states that the post-petition amount of $4,711.07 remains due. *See* Response.

16.     The Response includes an attachment containing an itemization of payments due post-petition that remain unpaid as of the date of statement that total $4,711.07. The statement is dated July 30, 2012. The statement includes the following language:

> This section itemizes the required cure of post-petition amounts, if any, that the holder contends remain unpaid as of the date of this statement but may not, due to timing, reflect all payments sent to Creditor as of the date of the Cure Notice. In addition, the amounts due may include payments reflected in the Trustee's records but which have not yet been received and/or processed by the Creditor.

---

[6]The Notice of Final Cure Payment appears to be a form that includes the following "check the box" provision regarding the monthly ongoing mortgage payment:

Mortgage is Paid:

___ Through the Chapter 13 Conduit _X__ Direct by Debtors.

17.     No motion seeking a determination as to whether the Debtors have cured the default and paid all required postpetition amounts has been filed pursuant to Fed.R.Bankr.P. 3002.1(h).

18.     The Debtors agree that they did not make all of the regular post-petition mortgage payments to Beneficial and that the past-due amount identified in the Response represents the total of the unpaid regular post-petition mortgage payments.

19.     The Debtors and Beneficial agree that the post-petition amount identified in the Response does not include any charges in addition to the amount of unpaid regular post-petition mortgage payments, such as late fees, insurance, or attorneys' fees that might otherwise be provided for under the terms of the mortgage.

DISCUSSION

A.  Whether Fed.R.Bankr.P. 3002.1 applies to Beneficial's claim

Rule 3002.1, Fed.R.Bankr.P., became effective on December 1, 2011.[7] One intended purpose of the rule is "to provide a prompt, efficient, and cost-effective means to determine whether there is a question as to the status of a debtor's home loan at the conclusion of the chapter 13 case." *In re Carr,* 468 B.R. 806, 808 (Bankr.E.D.Va. 2012).

For Rule 3002.1 to apply, the creditor's claim must be "1) secured by a security interest in the debtor's principal residence, and 2) provided for under § 1322(b)(5) of the Code in the debtor's plan." Fed.R.Bankr.P. 3002.1(a). The parties have stipulated that Beneficial's claim No. 11-1 is secured by the Debtors' principal residence. Section 1322(b)(5) allows a debtor to

---

[7]By an administrative order, the Notice of Final Cure Payment requirement under Fed.R.Bankr.P. 3002.1(f) applies to cases pending in the Bankruptcy Court for the District of New Mexico as of December 1, 2011 only if the debtor completes all payments under the plan on or after that date. *See* Court Administrative Matters: Implementation of New Rule 3002.1 - No. 11-00001 S.

-6-

cure a pre-petition default on a secured claim and maintain payments during the Chapter 13 case, provided the last payment to the secured creditor is due after the completion of all plan payments. *See* 11 U.S.C. § 1322(b)(5)(the plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due[.]"). The Debtors' plan provides for curing the pre-petition arrearages due to Beneficial, and provides further that the Debtors would continue making post-petition mortgage payments directly to Beneficial "outside" of the plan.[8] Beneficial's mortgage is a long term debt on which the last payment will become due after the completion of the Debtors' plan. Thus, the plan provided for Beneficial's claim secured by a mortgage against the Debtors' principal residence under 11 U.S.C § 1322(b)(5). Consequently, Rule 3002.1 applies to that claim.[9]

    B.  <u>Whether Beneficial is Estopped from Claiming Additional Post-Petition Amounts</u>

Beneficial filed its Response pursuant to Rule 3002.1(g), which provides:

> (g) **Response to Notice of Final Cure Payment.** Within 21 days after service of the notice under subdivision (f) of this rule, the holder shall file and serve on the debtor, debtor's counsel, and the trustee a statement indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of

---

[8] According to customary usage in this District, the distinction between payments made through the plan and payments made outside the plan is whether the Chapter 13 Trustee acts as the disbursing agent; the Chapter 13 Trustee does not disburse payments made by a debtor directly to a creditor outside the plan.

[9] *But see, In re Merino,* 2012 WL 2891112, *1 (Bankr.M.D.Fla. 2012)(pointing out that Rule 3002.1 does not specify whether it applies only to payments made "inside the plan" or only to payments made "outside the plan." ). The *Merino* court reasoned further that because "the rule was adopted to 'aid in the implementation of § 1322(b)(5), which permits a chapter 13 debtor to cure a default and maintain payments of a home mortgage over the course of a debtor's plan[,]' [a]n inference may be drawn that Rule 3002.1 does not apply to claims being paid outside the plan." *Merino,* 2012 WL 2891112 at *1.

> the Code. The statement shall itemize the required cure or postpetition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).

Fed.R.Bankr.P. 3002.1(g).

The Response includes an itemization of the post-petition amounts which details the date the amount was assessed, the assessed amount, and the amount outstanding. *See* Response. Each assessed amount itemized in the Response is described as an "Installment Payment." *Id.*

Pursuant to subdivision (h) of Rule 3002.1, if the debtor disagrees with the amounts stated in a creditor's response, the debtor may file a motion seeking a judicial determination of whether the debtor has "paid all required post-petition amounts." Fed.R.Bankr.P. 3002.1(h). Here, the Debtors did not file a motion pursuant to Rule 3002.1(h). However, based on the information contained in the Response, the Debtors had no reason to file such a motion. The Debtors do not dispute that they failed to make all of the regular post-petition mortgage payments. The itemized post-petition amounts contained in the Response relate only to the regular installment payments.

Rule 3002.1 attempts to address the problem faced by many Chapter 13 debtors who would "emerge from bankruptcy only to face a substantial and previously undisclosed arrearage" resulting from unpaid late fees or other charges arising from their residential mortgage. *In re Sheppard,* 2012 WL 1344112, *2 (Bankr.E.D.Va. Apr. 18, 2012). Under Rule 3002.1(g), the creditor is obligated to itemize all arrearages still due and owing if the creditor contends that the debtor has not made all post-petition payments. Fed.R.Bankr.P. 3002.1(g). Beneficial filed its Response pursuant to Rule 3002.1(g), but asserts that it nevertheless may return to state court to foreclose the mortgage and seek additional charges or late fees not included in its Response that are provided for under the terms of the mortgage. This Court disagrees. Equitable estoppel

-8-

principals bar Beneficial from seeking fees or other charges in excess of the unpaid regular mortgage installment payments included in the Response that may have accrued up through the date of the filing of the Response.

"Estoppel is an equitable doctrine invoked to avoid injustice in particular cases." *Heckler v. Community Health Services of Crawford County, Inc.,* 467 U.S. 51, 59, 104 S.Ct. 2218, 2223, 81 L.Ed.2d 42 (1984). "Equitable estoppel allows one party to prevent another 'from taking a legal position inconsistent with an earlier statement or action that places his adversary at a disadvantage.'" *Kowalczyk v. Immigration and Naturalization Serv.*, 245 F.3d 1143, 1149 (10th Cir. 2001)(quoting *Penny v. Giuffrida,* 897 F.2d 1543, 1545 (10th Cir. 1990)). Generally, for equitable estoppel to apply the following elements must be present:

> (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that his conduct will be acted upon or must so act that the party asserting the estoppel has the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the other party's conduct to his injury.
>
> *In re Riazuddin,* 363 B.R. 177, 185 (10th Cir. BAP 2007)(citing *Kowalczyk,* 245 F.3d at 1149)(quoting *Penny v. Giuffrida,* 897 F.2d at 1545)).

All elements are present here. Beneficial was obligated to itemize all post-petition amounts it contended the Debtors still owed under the terms of the mortgage. Beneficial presumably knows the facts from its own records. The intended purpose of Rule 3002.1 is to provide debtors with a procedure for the bankruptcy court to establish the exact amounts of post-petition arrearages before the debtors lose the protection their bankruptcy case affords them from foreclosure of the mortgage. Consequently, the Debtors had a right to rely on the figures contained in the Response. The Debtors had no reason to know the exact amount of other post-petition charges. And, because the Debtors do not contest the fact that they have missed some of the regular monthly installment payments, they relied on the Response and had no reason to file a motion

pursuant to Rule 3002.1(h). Under these circumstances, the Court grants the Debtors' oral motion to estop Beneficial from seeking additional post-petition charges that may have accrued under the terms of the mortgage through the date of the Response absent amendment of the Response with leave of the Court. Not binding Beneficial to its Response would undermine the intended purpose of Rule 3002.1.

## CONCLUSION

Because the Beneficial's claim is secured by an interest in the Debtors' principal residence, and because the Debtors' plan provided for payment of Beneficial's claim under 11 U.S.C. § 1322(b)(5), Fed.R.Bankr.P. 3002.1 applies. Equitable estoppel principals bind Beneficial to the amounts reflected in its Response for the period up to the date of the Response. Whether the Debtors are nevertheless entitled to discharge despite their failure to make all of the regular post-petition mortgage payments directly to Beneficial as provided for in their confirmed Chapter 13 plan is not ripe for determination.

Under local practice in this District, the Chapter 13 Trustee issues a Notice of Completion of Plan Payments, which prompts the Clerk of the Court to issue the Clerk's Notice to Debtor of Deadline to File Certification and Statements in Support of Chapter 13 Discharge ("Notice"). The Notice directs the Debtors to file a certification and statements in support of entry of discharge in accordance with NM-LBR 2083-1 (the "Certification").[10] In this case, the Chapter 13 Trustee issued a Notice of Completion of Plan Payments, but later withdrew it. The Debtors filed the Certification (Docket No. 65), but because the Chapter 13 Trustee withdrew the

---

[10]Upon the filing of the Debtors' Certification and Statement in Support of Entry of Chatper13 Discharge, the Bankruptcy Court Clerk's Office issues a notice to all creditors and parties in interest of the deadline to file objections to the Debtors' Certification and Statement in Support of Entry of Chapter 13 Discharge. If no objections are filed, the Bankruptcy Clerk of Court enters the discharge.

-10-

Notice of Completion of Plan Payments, a notice of the deadline to object to the Certification was not sent to all creditors and parties in interest.[11] The Chapter 13 Trustee's concerns raised at the hearing on the Notice of Final Cure Payment suggest that the Chapter 13 Trustee may choose not to re-file the Notice of Completion of Plan Payments until the issue of whether the Debtors are entitled to receive a discharge notwithstanding their failure to make all of the direct payments is resolved. However, in order for this Court to decide that issue, there must be a pending motion or request before the Court for entry of a discharge, to which parties in interest have an opportunity to object. The Debtors may file a motion for entry of discharge and serve notice of an objection deadline for the motion and the Certification. If a timely objection is filed thereto, the Court will decide the issue. If no objections are timely filed, the Court will enter the discharge. An order consistent with this Memorandum Opinion will be entered.

/s/ Robert H. Jacobvitz
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: December 20, 2012

COPY TO:

**Arun A. Melwani**
MELWANI LAW P.C.
Attorney for Debtors
10749 Prospect Ave NE Ste F
Albuquerque, NM 87112-3281

**Michael K. Daniels**
Attorney for Beneficial Financial I, Inc.
PO Box 1640
Albuquerque, NM 87103-1640

**Kelley L. Skehen**
Chapter 13 Trustee
625 Silver Ave. SW, Suite 350
Albuquerque, NM 87102

---

[11]The Bankruptcy Court Clerk's Office put a halt code on the case with an explanation that the certification and statements in support of entry of discharge must be made and dated **after** the Chapter 13 Trustee filed the notice of completed plan, and that the Debtors would be required to re-certify once the Chapter 13 Trustee files a notice of completed plan.

-11-

Case 10-10765-j13   Doc 76   Filed 12/20/12   Entered 12/20/12 16:37:13 Page 11 of 11